UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-179-MOC-DCK

| | |
|---|---|
| MARCHA L.M. RODGERS, | ) |
| Plaintiff, pro se, | ) |
| vs. | ) **ORDER** |
| NVR INC.-RYAN HOMES, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the following pending motions: a Motion to Dismiss, filed by NVR Inc.-Ryan Homes, (Doc. No. 5); a Motion to Dismiss or for More Definite Statement, filed by Costner Law Office, PLLC, (Doc. No. 13); a Motion to Dismiss, filed by Kuester Management Group, (Doc. No. 18); and a Motion to Dismiss, filed by Flagstar Bank (Doc. No. 24).

I. BACKGROUND

Pro se Plaintiff Marcha L.M. Rodgers filed this action on March 27, 2023. (Doc. No. 1 at 1). In her Complaint, Plaintiff checked the "Federal Question" box, and appears to reference the following federal laws as the basis for federal question jurisdiction: (1) Article VII of the Civil Rights Act of 1964; (2) the Fair Debt Collection Practices Act; (3) the Fourth and Eighth Amendments to the United States Constitution; (4) mail fraud, 18 U.S.C. § 1341l; (5) the Consumer Financial Protection Act of 2010, 12 U.S.C. § 5536; and (6) violations of the Civil Rights Act of 1991, 42 U.S.C. § 1981. (Doc. 1-1, p. 3). Plaintiff has named the following entities

-1-

as Defendants: NVR Inc.-Ryan Homes, Costner Law Office, PLLC, Kuester Management Group, and Flagstar Bank.

Plaintiff's Complaint arises out of a residential real estate closing. (Doc. 1-1, p. 1). On December 28, 2021, Plaintiff purchased a lot at 959 Portrush Lane, Tega Cay, SC 29708 (the "Property") for $318,000.00 with an $80,000 down payment. (Id. at p. 4). Plaintiff's Deed to the Property was recorded on December 28, 2021 at Book RB 19878 Pages 153-155 of the York County Register of Deeds (the "Deed"). (Doc. No. 6-2).

Plaintiff claims she recently "checked with the assessors [sic] office to get a copy" of the Deed. (Doc. No. 1-1, p. 1). Plaintiff alleges the Deed was not filed, and what she "agreed to purchase was not what was listed on the record." (Id. p. 2). Plaintiff asserts, "This deed, encumbrance all of my rights to any property, I own nothing, all of my future rights of refinancing will never be possible, everything I had worked for was gone." (Id.).

Despite the closing occurring without incident in 2021, Plaintiff now claims that Defendants participated in a scheme to "deprive [Plaintiff] of all [her] rights" and "created an illusion of homeownership to gain financially." (Id.). Plaintiff's Complaint appears to be for breach of contract and mail fraud.

Defendants have all filed motions to dismiss, including for failure to state a claim, for insufficient process, and for lack of subject matter jurisdiction. Furthermore, Defendant Costner Law Office, PLLC has filed an alternative motion for a more definite statement.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule

12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

Finally, while a court may construe a pro se Plaintiff's complaint liberally, the complaint must still allege "'facts sufficient to state all the elements of [the plaintiff's] claim'" to survive a motion to dismiss. Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL

3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

### III. DISCUSSION

Plaintiff's allegations are too confusing to state any cognizable claim against the named Defendants. Critically, her Complaint fails to identify specific conduct by each Defendant that violates her rights. Plaintiff has simply not articulated her claims with sufficient clarity to allow Defendants to frame any sort of responsive pleading or to know which allegations match up with which claimed violation. Therefore, the Complaint is subject to dismissal for failure to state a claim as to each Defendant.

Rather than dismissing the action with prejudice at this time, the Court will give Plaintiff one opportunity to amend her Complaint to specify the factual allegations that support her claim against each Defendant. Plaintiff must allege facts that tie her claims to each named Defendant. She also must clarify what legal claims she purports to bring against each Defendant.[1]

### IV. CONCLUSION

For the reasons stated herein, the Court will order Plaintiff to file an amended complaint to clarify her factual allegations and her legal claims.

**IT IS, THEREFORE, ORDERED: Plaintiff shall have thirty days in which to amend her complaint to clarify her factual and legal claims against each Defendant.**

---

[1] For example, the documents attached to the Complaint and the various motions to dismiss suggest that Plaintiff underwent a routine residential closing in 2021 and that she has been making mortgage payments for her mortgage loan since the closing. Is Plaintiff complaining that Defendants lied to her about the amount of her monthly payments or the terms of her loan? Is she facing foreclosure for failure to make payments? Is she claiming that Defendants' error resulted in her not actually owning the home? Merely by reading the allegations in the Complaint, it is impossible to figure out the specific harm that Plaintiff is alleging against each Defendant.

-4-

**Plaintiff must allege facts that tie her claims to each named Defendant and how that Defendant purportedly violated her rights. If Plaintiff does not submit an amended complaint within thirty days of entry of this Order, the Court will proceed to enter an order on Defendants' pending motions to dismiss Plaintiff's original Complaint**.

Signed: August 24, 2023

Max O. Cogburn Jr
United States District Judge