UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-179-MOC-WCM

| | |
|---|---|
| MARCHA L.M. RODGERS, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| NVR INC.-RYAN HOMES, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on motions to dismiss filed by Defendants Costner Law Office, PLLC; Kuester Management Group; NVR Inc.-Ryan Homes; and Flagstar Bank pursuant to Rules 12(b)(1), 12(b)(4), 12(b)(6) and 8 of the Federal Rules of Civil Procedure. (Doc. Nos. 32, 34, 39, 43). Also pending is Plaintiff's pro se Motion for Preliminary Injunction, seeking an Order from this Court "to stop dismissal of my [case]," and awarding $60 million in punitive damages. (Doc. No. 47).

I.  BACKGROUND

Pro se Plaintiff Marcha L.M. Rodgers filed this action on March 27, 2023, naming as Defendants Costner Law Office, PLLC; Kuester Management Group; NVR Inc.-Ryan Homes; and Flagstar Bank. Plaintiff's claims arise from a routine residential real estate closing in which Plaintiff took out a mortgage to buy a residence at 959 Portrush Lane, Tega Cay, SC 29708. Plaintiff bought the property from NVR, Inc., for $318,000.00 with an $80,000 down payment. Defendant Costner Law Office, PLLC was Plaintiff's closing attorney. Plaintiff financed the sale through NVR Mortgage Finance, Inc. The closing occurred without incident, and the special

1

warranty deed and mortgage were properly recorded. The recorded deed conveys a fee simple estate to Plaintiff. See (Doc. No. 6-2, p. 1).

> Plaintiff alleges that, after the closing, she learned that
>
> the deed of trust was not filed, and what I had agreed to purchase was not what was listed on record. What was listed was not homeownership, of this property. This deed, encumbrance all of my rights to any property, I own nothing, all of my future rights of refinancing will never be possible: everything I had worked for was gone. NVR/Ryan Homes correlated this scheme with Flagstar Bank and Costner Law Office to [deprive] me of all my rights. They created [an] illusion of homeownership to gain financially. By filing [an] encumbrance deed with the assessor[']s office [deprived] me of my ownership rights. They setup [an] escrow account with Flagstar Bank which reversed my payment to another account. To inflate the property taxes collected with my payments, by tripling them to intimidate, coercing, and sending threatening letters to trick me into filing bankruptcy, to make it appear to me that I own the property.

(Id. p. 2). Plaintiff then alleges the following, in block fashion:

> I am pursuing my rights; under article I, Pub. L. amended 111-203, title X, 124, stat. 2092 (2010) and Fair Debt Collection Practices Act, 15 U.S.C. 1692-1692P; Civil Rights act, 1964 (Pub. L. 102-166 (title VII as amended, Vol. 42, Pub. L. 102-166 CRH, title 5 (101-1.0 to 3402-2.0) 2100-2101 to 2108-2109, amendment IV & VIII, U.S. Constitution case histories; *U.S. V. Alston*, 609 F.2d 531, 538 (D.C. Cir. 1979), U.S. v. Reid, 533 F.2d 1255, 1264 n34 (D.C. Cir. 1976), U.S. v. Cusiono, 694 F.2d 185, 187 (9th Cir. 1982).

Page One of the Complaint's Addendum additionally lists claims for "breach of contract and mail fraud." The three cases cited by Plaintiff deal with the federal criminal offenses of mail fraud.

Because the allegations in Plaintiff's original Complaint were vague, confusing, and failed to state any legally cognizable claim, the named Defendants filed motions to dismiss Plaintiff's Complaint. On August 24, 2023, the Court ordered Plaintiff to amend her complaint within thirty days to "clarify her factual and legal claims against each Defendant." (Doc. No. 30).

Plaintiff filed an Amended Complaint on September 22, 2023. Despite the Court's Order,

2

Plaintiff's Amended Complaint neither clarifies her factual and legal claims, nor does it tie her claims to each Defendant. In the Amended Complaint, Plaintiff again contends that her claims arise under "federal law."[1] The sole allegations in the Amended Complaint are as follows:[2]

> NVR Inc., Ryan Homes, and Costner Law Office PLLC intentionally and willfully altered the legal status of my contract of deed, and the character of the stated condition of the documents. They filed and submitted a counterfeit deed. NVR, Inc. and Costner Law Office sold, transferred, sold, and explored the agreement to third-party vendors without my explicit written consent. Kuester and Flagstar Bank aided them by facilitating billing claims, under the contract of my original creditor. Flagstar intentionally sent notice of charges for mortgage payments without legal status. They altered the billing amount by not applying payments correctly, causing an exuberant increase in the size of the amount of money sent. Kuester illegally obtained funds under false misrepresentation of facts. I have endured this pattern of sufferance and servitude for over a year, and I am still feeling the effects presently. All of the Defendants have not shown any changes in their pursuit of counterfeit claims against me.

(Doc. No. 31-1). Plaintiff seeks $60 million in punitive damages.

**II.      STANDARDS OF REVIEW**

Defendants move to dismiss this action for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1), failure to state a claim under FED. R. CIV. P. 12(b)(6), and failure to comply with FED. R. CIV. P. 8.[3]

Subject matter jurisdiction is a threshold question the Court must address before reaching the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). The Court must dismiss any action over which it lacks subject matter jurisdiction. Plaintiff, as the party seeking federal jurisdiction, has the burden to show that subject matter jurisdiction

---

[1] Plaintiff does not assert diversity jurisdiction under 28 U.S.C. § 1332.
[2] The Court has fixed typos, misspellings, and grammatical errors in the handwritten Amended Complaint.
[3] Additionally, Defendant Kuester seeks dismissal based on insufficient service of process under Rule 12(b)(4).

exists. Richmond, Fredricksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). "Federal jurisdiction may not be premised on the mere citation of federal statutes." Weller v. Dept. of Soc. Servs. for the City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990) (dismissal of pro se claims under Social Security Act and for sex-based discrimination). Conclusory allegations of federal questions are not sufficient to confer jurisdiction when none exists. See, e.g., Sanderlin v. Hutchens, Senter & Britton, P.A., 783 F. Supp. 2d 798, 800 (W.D.N.C. 2011) (dismissal of pro se plaintiffs' complaint for lack of subject matter jurisdiction over claim against law firm, mortgagee, and others to enjoin foreclosure sale despite plaintiffs' assertion of "important Federal Questions").

In reviewing a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), the Court must accept as true all factual allegations in the Complaint and draw all reasonable inferences in the light most favorable to the plaintiff. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

A complaint survives a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "judicial experience and common sense." Id. at 679 (citations omitted). While the Court may construe Plaintiff's complaint liberally because she is proceeding pro se, the complaint must still allege "'facts sufficient to state all the elements of [her] claim'" to survive a motion to dismiss.

4

Williams v. Wal-Mart Stores East, L.P., No. 5:18-CV-33-BO, 2018 WL 3341181, at *2 (E.D.N.C. July 6, 2018) (quoting Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003)).

Rule 8 requires a complaint to contain a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). "Each allegation must be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). "A 'shotgun pleading' is one that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading or one in which it is virtually impossible to know which allegations of fact are intended to support which claims for relief." Wilkinson v. Wells Fargo Bank, N.A., No. 3:19-CV-00580-RJC, 2020 WL 2542867, at *3 (W.D.N.C. May 19, 2020). Pro se complaints "marred by shotgun pleading . . . warrant dismissal" where it is "impossible . . . to decipher which allegations of fact are intended to support which claims for relief." Id. (quoting McCrea v. Fargo, No. RDB-18-2490, 2019 WL 2513770, at *7 (D. Md. June 17, 2019)).

## III. DISCUSSION

The Court will dismiss this action for the reasons stated in Defendants' motions to dismiss—namely, because Plaintiff fails to show that this Court has subject matter jurisdiction over her claims under 28 U.S.C. § 1331 and because Plaintiffs' Amended Complaint still does not articulate Plaintiff's claims with sufficient clarity to allow Defendants to frame any sort of responsive pleading or to know which allegations match up with which claimed violation.[4]

---

[4] Plaintiff is perhaps upset because her tax and insurances payments were placed in escrow, and her monthly mortgage payment has increased. Or she may be upset that her mortgage was transferred to a new company to service her mortgage. In any event, both actions (placing insurance and tax payments in escrow and transferring a mortgage out to a different loan servicer) are routine, common, and legal.

5

First, as to subject matter jurisdiction, federal question jurisdiction is provided in 28 U.S.C. § 1331 for "civil actions arising under the Constitution, laws, or treaties of the United States." This means that federal courts have jurisdiction to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27–28 (1983); Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606–07 (4th Cir. 2002). A mere reference to federal statutes "is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331." PEM Entities, LLC, v. County of Franklin, 57 F.4th 178, 183 (4th Cir. 2023). When the reference to a federal claim is "facially insubstantial or frivolous" or "so insubstantial, implausible … or otherwise completely devoid of merit as not to involve a federal controversy" a complaint is properly dismissed for lack of subject matter jurisdiction. Id. at 183–84.

Plaintiff may be attempting bring claims under the Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"); the Fair Debt Collection Practices Act ("FDCPA"); Title VII of the Civil Rights Act; the Fourth and Eighth Amendments to the U.S. Constitution; and/or 18 U.S.C. § 1341 (criminal mail fraud). To the extent she asserts that her claims arise under these federal laws, Plaintiff alleges no facts to support her claims.

First, there is generally no private right of action under Dodd-Frank. See Downey v. United States, No. CV 19-1212-CFC, 2019 WL 5595291, at *4 (D. Del. Oct. 30, 2019). There is likewise no private right of action for criminal mail fraud under 18 U.S.C. § 1341. See Alford v. Mecklenburg Cnty. Clerk of Superior Ct., No. 3:19-CV-156-MOC-DSC, 2019 WL 2881556, at *5 (W.D.N.C. July 2, 2019). As to her FDCPA claim, Plaintiff does not allege that any of the named Defendants attempted to collect any consumer debt from Plaintiff. Next, Title VII of the

6

Civil Rights Act prohibits discrimination in the employment context. See Lemon v. Myers Bigel, P.A., 985 F.3d 392, 396 (4th Cir. 2021). Plaintiff has not alleged any employer-employee relationship with any named Defendant, nor do her allegations sound in employment. Finally, the Fourth and Eighth Amendments of the U.S. Constitution apply to government actors, not private entities like Defendants. Monroe v. City of Charlottesville, Va., 579 F.3d 380, 386 (4th Cir. 2009) (Fourth Amendment); Holly v. Scott, 434 F.3d 287, 291 (4th Cir. 2006) (Eighth Amendment). In sum, Plaintiff fails to show that this Court may assert subject matter jurisdiction over Plaintiff's claims as arising under federal law under Section 1331.

Plaintiff also fails to state a cognizable claim against any of the named Defendants for breach of contract or fraud. Specifically, Plaintiff does not allege facts showing that any of the named Defendants breached any contract with Plaintiff. She also does not plead any required elements of fraud such as "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Adolphe v. Option One Mortg. Corp., No. 3:11-CV-418-RJC, 2012 WL 5873308, at *6 (W.D.N.C. Nov. 20, 2012) (internal quotation marks omitted) (citing Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999)).

In sum, Plaintiff has failed to clarify her claims and to show how each claim is tied to each Defendant. She has also failed to prove that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Thus, the Court will dismiss this action.

## IV. CONCLUSION

For the reasons stated herein, the Court grants Defendants' motions to dismiss and dismisses this action.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motions to Dismiss the Amended Complaint, (Doc. Nos. 32, 34, 39, 43), are **GRANTED**.

2. Defendants' Motions to Dismiss the Original Complaint, (Doc. Nos. 5, 13, 18, 24), are **DISMISSED** and **TERMINATED** as **MOOT**.

3. Plaintiff's Motion for Preliminary Injunction, (Doc. No. 47) is **DENIED**.

4. This action is dismissed without prejudice.

5. The Clerk is directed to terminate this action.

Signed: December 6, 2023

Max O. Cogburn Jr
United States District Judge